**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANASTASIYA VASILYEVA,<br>Petitioner,<br>v.<br>JASON BENZEL, *et al.*,<br>Respondents. | Civil Action No. 26-9583 (JXN)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Petitioner Anastasiya Vasilyeva's ("Petitioner") Amended Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging Immigration and Customs Enforcement's ("ICE") unilateral decision to subject Petitioner to additional release conditions following the immigration judge's ("IJ") grant of release on bond. (*See* ECF No. 8.) Respondents did not file a response. Having considered the parties' submissions in support of and opposition to the Petition, the Court decides the Petition without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Petitioner's § 2241 Petition is **GRANTED**.

## I. BACKGROUND

Petitioner, a citizen of Belarus, entered the United States on August 19, 2016, on a B-2 visitor visa with permission to remain in the country until February 18, 2017. (ECF No. 8 at 7-8.) Petitioner overstayed that visa and on January 31, 2017, filed an application for asylum. (*Id.* at 8.) On July 24, 2026, ICE officers detained Petitioner at the Newark Liberty International Airport. (*Id.*)

On July 29, 2026, Petitioner filed her initial petition for writ of habeas corpus, arguing her detention violated her due process rights. (*See generally* ECF No. 1.) Respondents filed a response, arguing that Petitioner was lawfully detained under 8 U.S.C. § 1226(a) and was scheduled for an individualized bond hearing on August 4, 2026. (*See generally* ECF No. 6.) Petitioner filed a reply. (ECF No. 7.)

On September 14, 2026, Petitioner filed the instant Amended Petition challenging ICE's unilateral imposition of release conditions following the IJ's August 4, 2026 decision to grant Petitioner release on bond. (ECF No. 8.) Respondents did not file a reply.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner bears the burden of showing that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. DISCUSSION

In her Amended Petition, Petitioner challenges ICE's unilateral imposition of release conditions following the IJ's bond determination. (*See generally* ECF No. 8.) Petitioner submits that on August 4, 2026, an IJ granted Petitioner release on a $40,000.00 bond without imposing any special conditions. (*Id.* at 8.) Immediately after Petitioner's release on bond, ICE unilaterally

enrolled Petitioner in the Intensive Supervision Appearance Program ("ISAP"), continuous GPS location monitoring through a body-worn electronic device, a 120-mile geographic travel restriction, mandatory ISAP office visits, and unannounced home visits. (*Id.* at 2.) Petitioner argues that ICE's unilateral imposition of these conditions after a bond determination by an IJ violates her due process rights. (*Id.* at 11-3.)

Courts may invalidate an agency action that violates the *Accardi* doctrine. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *see also Chong v. Dist. Dir., I.N.S.*, 264 F.3d 378, 389-90 (3d Cir. 2001) (finding that the agency failed to follow its regulations, but petitioner failed to demonstrate prejudice). Under the *Accardi* doctrine, federal agencies must follow their own binding regulations and formally established procedures, even if those procedures provide greater rights than required by statute. *Accardi*, 347 U.S. at 260. The *Accardi* doctrine is limited, however, and may require a showing of prejudice when an agency's failure to follow its regulations does not implicate "important procedural benefits" impacting individual rights and liberties. *Am. Farm Lines v. Black Ball Freight Serv.*, 397 U.S. 532, 538-39 (1970). Following *American Farm Lines*, the Third Circuit held "that violations of regulations promulgated to protect fundamental statutory or constitutional rights need not be accompanied by a showing of prejudice to warrant judicial relief." *Leslie v. Att'y Gen. of U.S.*, 611 F.3d 171, 178 (3d Cir. 2010).

Here, the relevant regulations give "any officer authorized to issue a warrant for an arrest" the initial ability to set conditions of release for a noncitizen detained under 8 U.S.C. § 1226(a). 8 C.F.R. §§ 236.1(c)(8) and 1236.1(c)(8). The implementing regulations create a two-level administrative review over conditions of supervised release initially set or denied by "any officer authorized to issue a warrant of arrest." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1), 236.1(d)(3), 1236.1(d)(3). The first level of review is before an IJ. 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). The

second level is an appeal to the Board of Immigration Appeals ("BIA"). 8 C.F.R. §§ 236.1(d)(3), 1236.1(d)(3). Accordingly, based on ICE's own regulations, an IJ and the BIA may determine custody conditions after ICE's initial decision to set or deny release conditions. "Permitting ICE to impose additional conditions after an immigration judge has ordered release and set conditions renders the administrative adjudicatory process null." *N-N- v. McShane*, No. 25-5494, 2025 WL 3143594 at *3 (E.D. Pa. Nov. 6, 2025).

In *Moreira da Silva v. Laforge*, the District Court found "it is not necessary to determine whether Petitioner is required to establish that ICE's failure to follow its own regulations substantially prejudiced him because Petitioner has made such a showing." No. 25-17095, 2026 WL 45165 at * 4 (D.N.J. Jan. 7, 2026). The Court found that Petitioner's liberty interest in freedom of movement was "severely burdened by the restrictions imposed by ICE after the Immigration Court's custody/bond determination." *Id.* Here, Petitioner has also established prejudice and shown that her liberty interest has been "severely burdened" by the unilaterally imposed release conditions ICE imposed after the IJ granted release on bond without further conditions. Accordingly, the Court will remand this matter to DHS/ICE to vacate the additional supervised-release conditions that ICE implemented unilaterally. *See Moreira da Silva*, No. 25-17095, 2026 WL 45165 (remanding the matter to Department of Homeland Security ("DHS")/ICE to vacate additional conditions of release imposed on petitioner by ICE after the IJ released Petitioner on bond); *Merino Lopez v. Bondi*, No. 26-01243, ECF No. 13 (D.N.J. Feb. 24, 2026) (text order) (ordering removal of ankle monitor imposed by ICE following bond release); *Diahn v. Lowe*, No. 24-1936, 2026 WL 84576 (M.D. Pa. Jan. 12, 2026) (removing additional conditions implemented by ICE that were not contemplated by the IJ).

## IV. CONCLUSION

For the reasons set forth above, the Amended Petition (ECF No. 8) is **GRANTED**. This matter is **REMANDED** to DHS/ICE to vacate the additional conditions of release imposed on Petitioner by ICE after the immigration court granted release on bond. An appropriate Order accompanies this Opinion.

**DATED**: 10/9/2026

**JULIEN XAVIER NEALS**
**United States District Judge**